### JACKSON v. GREENE et al.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

Appeal from Trial Term, Westchester County.

Action by Annie L. Jackson, administratrix, etc., against Margaret H. Greene and others. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

James J. Mahoney (M. J. Wright, on the brief), for appellants.
Thomas J. O'Neill (John J. Welsh, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

RICH, J. (dissenting). The deceased was, and for two years prior to the accident had been, the engineer at a building owned by the defendants, and was an electrician by trade. In the absence of the employé whose duty it was to run a passenger elevator in the building, the deceased operated the elevator; and this was known to defendants' manager of the property prior to the accident, who neither objected nor assented to such service. On the morning of the accident, as the deceased was taking two passengers up on the elevator, a fuse blew out, and the car stopped between the sixth and seventh floors of the building. The witness November, who was one of the passengers,

testified that when the elevator stopped the deceased "hollered" down to the engineer that the fuse had burned out, and was told to wait where he was until another fuse was put in. After waiting a few minutes the deceased opened the elevator door and started to crawl out of the car through an opening or space, about 3½ feet wide, between the floor of the car and the ceiling of the sixth floor. In doing this his hands slipped from the floor of the car to which he was hanging, and he fell down the shaft, receiving injuries which resulted in his death. The passengers remained in the elevator until the new fuse was installed, when its operation was continued.

It is apparent that, had the deceased remained at his station in the elevator, he would not have been injured. No injury threatened him while there. He was in absolute safety, and the dangerous position in which he knowingly and voluntarily placed himself was not required by his employment, or in the discharge of his duty. No emergency had arisen calling upon him to choose between two apparent alternative dangers. The evidence upon which these facts rest is uncontroverted, and it is well settled that under such circumstances a master is not liable for the death or injury of his servant. Childs v. N. Y., Ontario & W. R. R. Co., 77 Hun, 539, 28 N. Y. Supp. 894; Solomon v. Manhattan R. Co., 103 N. Y. 437, 9 N. E. 430, 57 Am. Rep. 760; Hunter v. Cooperstown & Susquehanna Valley R. R. Co., 112 N. Y. 371, 19 N. E. 820, 2 L. R. A. 832, 8 Am. St. Rep. 752; Id., 126 N. Y. 18, 26 N. E. 958, 12 L. R. A. 429; McCue v. Nat. Starch Mfg. Co., 142 N. Y. 106, 36 N. E. 809; Savage v. Bauland Co., 42 App. Div. 285, 58 N. Y. Supp. 1014; Niskern v. United Brotherhood, 93 App. Div. 364, 87 N. Y. Supp. 640; Schmnoske v. Asphalt Ready Roofing Co., 129 App. Div. 500, 114 N. Y. Supp. 87. The evidence upon this subject being uncontroverted, and establishing contributory negligence as matter of law, the denial by the learned trial court of the defendants' motion to dismiss the complaint upon that ground constitutes reversible error.

It is not necessary to consider the other questions presented, as I think the judgment and order ought to be reversed, and a new trial granted.

BURR, J., concurs.